UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOPHIA EDWARDS-BENNETT, M.D. et al.,

    Plaintiffs,

vs.                                                   Case No.: 8:13-cv-00853-T-27TGW

H. LEE MOFFITT CANCER AND
RESEARCH INSTITUTE, INC.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Sever Plaintiffs' Claims, or in the Alternative, for Separate Trials (Dkt. 7), to which Plaintiffs have responded in opposition (Dkt. 9). Upon consideration, the motion (Dkt. 7) is GRANTED and the claims are SEVERED.

To be entitled to join their claims under Rule 20(a)(2), Plaintiffs must establish "(1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all persons seeking to be joined." *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003); *see* Fed. R. Civ. P. 20(a)(2)(A)-(B). Joinder under Rule 20 is "strongly encouraged" and the rules are construed towards "entertaining the broadest possible scope of action consistent with fairness to the parties." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). When assessing whether the requirements of Rule 20(a)(2) are satisfied, the factual allegations of the complaint are accepted as true. *Malibu Media, LLC v. Does 1-28*, No. 8:12-cv-1667-T-27MAP, 2012 U.S. Dist. LEXIS 183969, at *8-9 (M.D. Fla. Dec. 6, 2012) (citing *Deskovic*

1

*v. City of Peekskill*, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009)).

To arise from the same transaction, occurrence, or series of transactions or occurrences, claims must be "logically related." *Alexander*, 207 F.3d at 1323; *see Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing *Republic Health Corp. v. Lifemark Hosps. of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985)). "[T]here is a logical relationship when 'the same operative facts serve as the basis of both claims.'" *Republic Health*, 755 F.2d at 1455 (quoting *Plant v. Blazer Fin. Servs., Inc.*, 598 F.2d 1357, 1361 (5th Cir. 1979)). The "logical relationship" standard is a "loose" one that "permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits." *Plant*, 598 F.2d at 1361 (internal quotations omitted).

Dr. Edwards-Bennett alleges her supervisors discriminated against her by elevating her required RVU targets and refusing to credit certain work time toward her performance target thresholds. Dkt. 1 ¶¶ 15, 16. In contrast, Ms. Forseh alleges she was subject to racial innuendo, harassment, and unreasonable work restrictions by Susan McPhail-Taylor, Dr. Taylor, and Dr. Harris. *Id.* ¶¶ 26, 27. The facts underlying Ms. Wood's claims are different still. She alleges that Barry Asch indirectly demoted her and Ms. McPhail-Taylor entered undeserved demerits in her personnel file. *Id.* ¶¶ 32, 33.

None of these claims arise out of the same transaction or occurrence. Each Plaintiff alleges a different form of discrimination resulting from different actions by different actors over different time periods. *See Alexander*, 207 F.3d at 1324 (discussing the potential prejudice by joining claims "where, for example, the alleged discrimination occurs during different time periods, . . . different supervisors make the challenged decisions, . . . or the alleged discrimination happens at geographically removed places.").

Plaintiffs argue that joinder is appropriate because there are similar core issues of liability and common questions of law. This argument is unpersuasive. The test for joinder is not whether there are similar issues of liability, but whether the claims share *operative facts*. The only similarities are the Defendant, an occasional overlap in the personnel involved, and similar legal theories. These commonalities are not *operative* facts and do not sustain a logical relationship. *See Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 789 (N.D. Ga. 1994) ("It is, of course, true that plaintiffs have alleged against defendant claims based upon the same general theories of law, but this is not sufficient."); *Foster v. Auburn Univ. Montgomery*, No. 2:11-cv-503-WHA-CSC, 2011 WL 3875623, at *3 (N.D. Ala. Sept. 1, 2011) ("[T]he mere fact that all Plaintiffs claim harm under the same statute is not a sufficient basis for joinder."); *Weir v. Litton Bionetics, Inc.*, Civil No. H-85-2545, 1986 U.S. Dist. LEXIS 24884, at *15 (D. Md. May 29, 1986) (finding severance proper where "both plaintiffs rely on the same legal theories" but "the facts that pertain to the claim of each are quite different").

Plaintiffs' reliance on *Young* and *Alexander* is misplaced. In both of those cases, the plaintiffs alleged a common custom, pattern, practice, or policy that was pervasive throughout the defendant-entity and which affected the plaintiffs in the same manner. *See Alexander*, 207 F.3d at 1324 (finding joinder appropriate because "all of the Plaintiffs' claims stem from the same core allegation that they were subject to a *systemic* pattern or practice of race-based discrimination against white law enforcement officers"); *Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1169 (11th Cir. 1995) (commenting that consolidation would not have been an abuse of discretion where "both actions allege that jail officials were deliberately indifferent to the psychiatric treatment needs of the plaintiffs during their imprisonment, due to a City custom, practice, or policy"). *See also Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333, 1334 (8th Cir. 1974) (holding severance to be an abuse

of discretion where Plaintiffs representative of a class made common claims concerning defendant's "general policy of discrimination").[1] Plaintiffs have made no such allegation in this case.

Even if there was a logical relationship between the claims, severance would be appropriate under Rule 21. *Accord Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) ("[E]ven once the [Rule 20(a)] requirements are met, a district court must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side."). Rule 21 authorizes district courts to "sever any claim against any party." A district court has broad discretion when deciding whether to sever claims under Rule 21 and may consider factors such as judicial economy, case management, prejudice to parties, and fundamental fairness.[2]

Joining Plaintiffs' claims does not serve judicial economy because there are no overlapping transactions or occurrences that apply to more than one case. And it would be fundamentally unfair and prejudicial to Defendant to try Plaintiffs' claims together where the sets of facts undergirding each claim are mutually exclusive. *Accord Weir*, 1986 U.S. Dist. LEXIS 24884, at *16-17 (severing and concluding that joinder would be prejudicial to the defendant because the "claims and defenses of each can be fairly considered only in the light of the separate work history of each" and "it is highly likely that confusion will result when the different facts pertaining to these different claims

---

[1] The Eleventh Circuit considers *Mosley* "perhaps the leading case on the joinder of Title VII plaintiffs under Rule 20," *Alexander*, 207 F.3d at 1323, and its reasoning is therefore highly persuasive.

[2] *See Anderson v. Moorer*, 372 F.2d 747, 750 n.4 (5th Cir. 1967) (considering judicial economy); *In re Amergi ex rel. Amergi v. Palenstinian Auth.*, 611 F.3d 1350, 1367 (11th Cir. 2010) (affirming district court's decision to sever based on case management concerns); *Foster*, 2011 WL 3875623, at *4 ("[A] court's decision to sever parties under Rule 21 should be tempered by the possibility of prejudice to the severed party."); *Acciard v. Whitney*, No. 2:07-cv-476-UA-DNF, 2008 WL 5120820, at *1 (M.D. Fla. Dec. 4, 2008) ("Courts are given discretion to decide the scope of the civil action and to make such orders as will prevent delay or prejudice."); *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521-22 (5th Cir. 2010) (considering fundamental fairness of joinder to the parties). Even though the Supreme Court has instructed district courts to employ a liberal joinder policy, severance is appropriate where judicial economy is not served by joining claims. *See U.S. v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) ("[T]he district court acted well within its discretion in denying joinder . . . pursuant to Fed. R. Civ. P. 20(a). The district judge appropriately considered that joinder would not serve the interests of judicial economy.").

are presented at a single trial").

Accordingly,

1) Defendant's Motion to Sever Plaintiffs' Claims, or in the Alternative, for Separate Trials (Dkt. 7) is GRANTED.

2) The claims of Plaintiffs Gloria Wood and Mary E. Forseh are SEVERED. The Clerk is directed to TERMINATE Plaintiffs Gloria Wood and Mary E. Forseh from the docket.

3) The Clerk is further directed to OPEN two new matters with new case numbers for Plaintiffs Gloria Wood and Mary E. Forseh, with Wood and Forseh as the sole plaintiff in each and H. Lee Moffitt Cancer and Research Institute, Inc. as Defendant.[3] Each new matter shall use the Complaint (Dkt. 1) as the initial docket entry, and each new matter is subject to the payment of a filing fee within **thirty (30) days** of the date of this order.

4) Defendant H. Lee Moffitt Cancer and Research Institute, Inc. shall file an answer or responsive pleading to the Complaint within **twenty-one (21) days** of the date of this Order.

**DONE AND ORDERED** this 21st day of June, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[3] *See Foster*, 2011 WL 3875623, at *4 (severing, retaining the first-named plaintiff's action, and directing the clerk to assign new case numbers to each remaining plaintiff's action in order to avoid the 90-day statute of limitations for Title VII claims); 42 U.S.C. § 2000e-5(f)(1) (providing the 90-day statute of limitations).